# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## DOCKET NO. 3:97-CR-184-18-FDW

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | |
| ) | |
| WILLIAM E. OWENS, ) | ORDER |
| ) | |
| Defendant. ) | |
| ) | |

THIS MATTER is before the Court on Defendant's *pro se* motion for reconsideration of this Court's denial of his § 3582(c)(2) motion for a reduction of sentence under the new crack cocaine sentencing guidelines.

The cases Defendant cites – <u>Kimbrough v. United States</u> and <u>Gall v. United States</u> – speak to the issue of a court's discretion to impose a sentence below the applicable *sentencing guidelines range* but do not allow for a sentence below an applicable *statutory minimum*. Only a motion by the government pursuant to 18 U.S.C. § 3553(e) allows the Court to depart below the statutory minimum sentence based on a defendant's substantial assistance. A § 3553(e) motion is different from a § 5K1.1 motion under the Sentencing Guidelines, which also permits the Court to depart below the applicable sentencing guideline range on grounds of substantial assistance, but does not by itself permit a departure below a statutory minimum. Furthermore, the fact that the government moves for a § 5K1.1 departure below the guidelines range neither implies nor entails that the government has authorized a departure below the statutory minimum. See <u>Melendez v. United States</u>, 518 U.S. 120 (1996). Indeed, the plea agreement that Defendant signed with the government provides that "the United States, in its sole discretion retains the right to make a downward departure motion

pursuant to U.S.S.G. § 5K1.1 while declining to make a downward departure motion below the statutory minimum."

At this Defendant's original sentencing, he was sentenced to the statutory minimum – 10 years (120 months) – after receiving the benefit of a § 5K1.1 departure below the applicable sentencing guidelines. Nothing in the record indicates that the government also made a § 3553(e) motion or otherwise authorized the Court to depart below the 10 year mandatory minimum. Accordingly, Defendant is not eligible for any additional sentence reduction even if he would have benefitted from Amendment 706 at the time of his original sentencing. U.S.S.G. § 5G1.1.

Defendant's motion for reconsideration (Doc. No. 691) is therefore DENIED. The Clerk of Court is directed to mail a copy of this Order to Defendant at:#13194-058, F.C.C. Petersburg, P.O. Box 90027, Petersburg, VA 23804.

IT IS SO ORDERED.

Signed: November 14, 2008

Frank D. Whitney
United States District Judge